PER CURIAM.
Appellant appeals the trial court’s summary denial of his motion for postconviction relief filed pursuant to rule 3.850, Florida Rules of Criminal Procedure (2004). We affirm the trial court’s summary denial on all grounds except one. We find that his claim alleging the State suppressed evidence in violation of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), is facially sufficient and is not conclusively refuted by the record. Accordingly, we reverse the trial court’s order summarily denying this claim and remand for either an evidentiary hearing or for the court to attach further portions of the record which conclusively refute Appellant’s claim. See Fla. R.Crim. P. 3.850(d).
Appellant alleges that a violation of Brady occurred when the State failed to disclose four significant pieces of evidence to the defense: (1) a note to the trial judge requesting leniency for his co-defendant; (2) co-defendant’s pretrial statement that the gun used during the robbery was a “cap gun”; (3) video surveillance from the crime scene; and (4) a forensic report noting that a positive identification of Appellant’s footprint could not be made.
The trial court interpreted Appellant’s claim as alleging that his original trial counsel failed to deliver certain discovery items to his replacement counsel. The trial court denied this claim, concluding that Appellant’s allegation does not rise to a Brady violation because the State did not suppress evidence. The court did not attach any record portions to support its summary denial of this claim.
As Appellant argues in his initial brief, and the State concedes, the trial court misunderstood Appellant’s allegation. Appellant never alleged that his original counsel failed to supply the evidence to replacement counsel; he stated that his original counsel agreed to participate in reciprocal discovery with the State, but the State did not comply. Accepting Appellant’s allegations as true, he has made a facially sufficient claim that a Brady violation occurred, as he has shown that each piece of evidence was favorable to him and that the State’s suppression of it preju *700 diced him. We therefore reverse the trial court’s summary denial of Appellant’s facially sufficient claim and remand for further proceedings consistent with this opinion.
AFFIRMED in part, REVERSED in part, and REMANDED.
BROWNING, C.J., KAHN and THOMAS, JJ., concur.